23

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT of MICHIGAN
## SOUTHERN DIVISION

EDWARD BELL,
            Plaintiff

                                    CIVIL ACTION: 06-15444
                                    DISTRICT JUDGE PAUL V. GADOLA
V.                                  MAGISTRATE JUDGE DONALD A. SCHEER


JP MORGAN CHASE BANK,
            Defendant

_____/

Plaintiff
Edward Bell
24121 Ithaca
Oak Park, Mi 48237

FILED

JAN 18 '07

### AMENDED COMPLAINT OF CIVIL FRAUD

   NOW COMES the Plaintiff, Edward Bell, in propria persona by an amended complaint. This claim is brought upon the Defendant JP MORGAN CHASE BANK a corporation by the Plaintiff Edward Bell the cause of action for this claim is authorized under the respondeat superior doctrine , civil fraud, rental contract, committing fraud upon the court , and fraud by misrepresentation. There is other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this amended complaint. This action is not intended to harass or delay any proceeding with the Defendant.

### STATEMENTS OF FACTS

### JURISDICTION

1. This action is brought on behalf of the Plaintiff Edward Bell in pro per who is a citizen or principle place of business is the State of Michigan.

2. The Defendant is a citizen or principle place of business is in the State of New York (Headquarter) , or a citizen or principle place of business is in the State of Texas (Executive Branch)..

3. This court is a court of limited jurisdiction , this court has jurisdiction under diversity of 28 USC. 1332(a)(1).

4. The amount in controversy exceeds the amount of $75,000

## COUNT I CIVIL FRAUD

### Cause of action:

5. The cause of action is brought by fraud by misrepresentation by the Defendant leading me to believe that they were the holder of due course of my property and was authorized to start a foreclosure by advertisement procedure sees exhibit 1 Sheriff's Deed page 3 and was not the holder of any note dated July 26,2005.

6. The cause of action is based on the fact the Defendant obtained a Sheriff's Deed based on fraud by misrepresentation stating that the evidence of sale was duly published and a copy was duly posted in a conspicuous place upon the premises see exhibit 1 page one of Sheriff's Deed highlighted.

7. The Defendant JP MORGAN CHASE BANK hired ORLAN ASSOCIATES P.C. to do a foreclosure by advertisement and eviction on my property located at 5575 Haverhill St. in Detroit Mi 48224 (see Exhibit 2 number 4 of affidavit from JP MORGAN CHASE BANK attorneys ) based on a mortgage I had no knowledge of..

8. I purchased the property for one dollar see exhibit 3 of bill of sale from Anthony Black the same signature on the Warranty Deed see exhibit 4 in which an attorney from ORLANS ASSOCIATES P.C. probably place into the record in  case number 06-11550 without my signature by mistake

9. The Defendant committed fraud by misrepresentation by leading me to believe that my property was being foreclosed upon on July 26,2005 when there is no proof that JP MORGAN CHASE BANK was  the holder in due course nor assigned any mortgage on my property see exhibit 1  third page of Sheriff Deed authorizing/advertising a sale.

10. There is no proof or evidence of JP MORGAN CHASE BANK being assigned any instrument  regarding my property prior to July 26, 2005 recorded  at the Wayne County Register of Deeds located in Detroit, Michigan.

11. The foreclosure by advertisement is fraudulent/void based on MCL 600.3201,the procedure in the case and manner specified in that chapter was not performed..

12. The fraudulent procedure of a foreclosure sale was recorded at the Wayne County Register of Deeds and then uses the U.S. Post Office to mail the fraudulent/void documents to their employees address see page 5 of Sheriff's Deed (when drafted send to) in exhibit 1.

13. JP MORGAN CHASE BANK retained ORLANS ASSOCIATES P.C. according to an affidavit signed by an employee of ORLANS ASSOCIATES P.C. see exhibit 2 number 4.

14. Under the Respondeat Superior Doctrine JP MORGAN CHASE BANK is responsible for his employee(s) or agent(s) acts committed within scope of the employment.

15. ORLANS ASSOCIATES P.C. filed a claim on the behalf of JP MORGAN CHASE BANK in 36th District Court obtaining a judgment for possession of my property with the fraudulent/void documents which is fraud upon the court in which I am entitled to sanctions for the Defendant attorney for filing a frivolous claim MRC 2.114(E)(F).

16. JP MORGAN CHASE BANK retained ORLANS ASSOCIATES P.C. who is in fact an attorney office (officer of the Court ) see also page 3 of exhibit 1Shiriff's Deed and exhibit 2 number 4,5,and 6 authorizing a foreclosure by advertisement knowing they had no rights to the property July 26, 2005 and granted my property see exhibit 4 of Warranty Deed.

17. JP MORGAN CHASE BANK was granted a writ for eviction and performed an eviction on the property AROUND October of 2006.

18. ORLANS ASSOCIATES P.C. who were in fact retained by JP MORGAN CHASE BANK see exhibit 2 number 4 filed fraudulent/void documents in the Wayne County Register of Deeds deceiving not only me but the City of Detroit, the public ,Wayne County Register of Deeds , 36th District Court in Wayne County Detroit, Mi and in Federal Court see documents filed in case 06-11550 filed in the UNITED STATES DISTRICT COURT EASTERN DISTRICT of MICHIGAN..

19. There is no proof recorded at the Wayne County Register of Deed or in the Sheriff's Deed that the property was duly published and a copy therefore was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 24th day of August,2005 see high lighted on page 1 of Sheriff's Deed in exhibit 1

20. Due to the fraud of misrepresentation I have been humiliated my tenants moved for fear of eviction, I have not been able to collect rent since October of 2005 of $1,000 a month , my property contents (stove, refrigerator, washer, dryer, and around two hundred gallon fish tank) was taken as a result of this fraud.

21. I was notified of the foreclosure by advertisement by one of my tenants who stated that someone from ORLANS ASSOCIATES P.C. came by the property asking questions sometime in October of 2005 stating that the property was foreclosed upon and they must move

22. On March 16, 2006 JP MORGAN CHASAE BANK was granted possession.

## PLAINTIFF RELIEF SOUGHT

23. Plaintiff seeks money judgment from the Defendant for damages for fraud by misrepresentation under the guidelines of the court or $1,000,000 or both.

24. A declaratory judgment from this court correcting the damages done injuring the Plaintiff.

25. A declaratory judgments voiding fraudulent documents order there removal from the Wayne County Register of Deeds.

26. Plaintiff seeks money judgment from Defendant for using the U.S.P.S. to mail fraudulent/void documents concerning my property under the guild lines of this court or $!,000,000 or both.

27. Plaintiff seeks money judgment from the Defendant for filing fraudulent/void documents concerning my property at the Wayne County Register of Deed under the guidelines of this court or 1,000,000 or both.

28. Plaintiff seeks money judgment for committing slander and defamation of
character posting fraudulent/void documents to the public of $1,000,000.00 or
guidelines of the court or both.

29. Seek money judgments under the following US. Codes 18USC.1621,18
USC.1346,18 USC.1342, 18 USC.1341, 18 USC. 1021 18 USC. 1001(a)(3), 18
USC 1001 (a) (2) 18 USC. 241, 18 USC. 662, 18 USC. 1001(a) (1), 18 USC.
1363 of $1,000,000.00 each or guidelines of the court or both.

30. I also seek punitive and compensatory damages form the Defendant under
Michigan guidelines at the court discretion.

## COUNT II BREACH OF CONTRACT

31. In February of 2006  a notary Yvonne Cross sent  JP MORGAN CHASE BANK
authorized representative an unilateral contract (see exhibit 6) if possession was
taken.

32. A one year rental was agreed upon when JP MORGAN CHASE BANK took
possession.

33. JP MORGANCHASE BANK agreed to pay $600,000.00  when possession was
taken unlawful and by force by a fraudulent/void  eviction.

34. Possession was taken based on a fraudulent/void  Sheriff's Deed.

## PLAINTIFF RELIEF SOUGHT

35.  Plaintiff seeks money damages of $600,000.00. For rental property.


I Edward Bell affirm this amended complaint to be actually facts and not misleading
in any way.

*Edward Bell*

Edward Bell/Plaintiff

# Exhibit 1

SEP 09 2005  *10007171*

**STATE OF MICHIGAN**

WAYNE COUNTY
SEPTEMBER 12, 2005
RECEIPT #100471

REAL ESTATE
TRANSFER TAX
$           70.20-CO
$            0.00-ST
STAMP #189530897

FILE DO NOT MAIL

$79.20 TRANSFER TAX COUNTY
Receipt #100471
                  RECORDED
BERNARD J. YOUNGBLOOD, REGISTER OF DEED
                  WAYNE COUNTY, MI

$21.00 DEED

$6.00 REMONUMENTATION

$25.00 HANDLING FEES

L1-43265  Pg-233  2005364892  09-09-2005  Bernard  J.  Youngblood  WCR00

---

### SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made the 24th day of August, 2005 between **Marshun Brooks** a deputy sheriff in and for Wayne County, Michigan, party of the first part, and JPMORGAN CHASE BANK FORMERLY KNOWN AS THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO CHASE BANK OF TEXAS NATIONAL ASSOCIATION, FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 By: Saxon Mortgage Services, Inc. As Its Attorney-In-Fact, 4708 Mercantile Drive North 4708 Mercantile Drive North, Fort Worth, TX, 76137, party of the second part (hereinafter called the grantee).

Witnesseth, that whereas, Edward Bell, a single man whose address is 5575 Haverhill, Detroit, MI 48224, made a certain mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter called "Mortgagee"), which was duly recorded in the office of the Register of Deeds of Wayne County in Liber 41908, Page 898, Wayne County Records. Said mortgage is now held by JPMorgan Chase Bank formerly known as The Chase Manhattan Bank successor by merger to Chase Bank of Texas National Association, formerly known as Texas Commerce Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2005-FF1 by: Saxon Mortgage Services, Inc. as its attorney-in-fact by assignment submitted to and recorded by the Wayne County Register of Deeds..

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 24th day of August, 2005, at the Jefferson Avenue entrance to the Coleman A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 1:00 p.m., local time, on the date stated above, expose for sale at public venue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of Seventy-Two Thousand & 0/100 Dollars(72,000.00), that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, and are more particularly described as:

Lot 1067, East Detroit Development Company's Subdivision No. 2, as recorded in Liber 36, Page 29 of Plats, Wayne County Records.

Tax# WARD 21 ITEM NO. 070208
More commonly known as 5575 Haverhill.

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, FOREVER, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on 30th day of September, 2004, that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to sell the same.
In witness whereof I have set my hand and seal.

                                          **Marshun Brooks**
                                          _____
                                          Deputy Sheriff in and for the County of Wayne, Michigan

STATE OF MICHIGAN,
COUNTY OF WAYNE

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 24th day of August, 2005, by **Marshun Brooks** , Deputy Sheriff for Wayne County, Michigan.

_____
Notary Public, YOLANDA DIAZ
Wayne County, Michigan Commission expires 03-20-2006
My commission expires:

County Revenue Required.
Exempt from State Real Estate Transfer Tax
pursuant to MCLA §207.526(u)

55.25.00

$49.50

File Number: 244.1520 Loan Type: CONV

3HD 21-6R  5p  S  E(u/M

1

L1-43265     Pg-234

**NON-MILITARY AFFIDAVIT**

State of Michigan )
                 )ss.
County of Oakland)

The undersigned, being first duly sworn, states that upon investigation he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon whom they or any of them were dependent, were in the military service of the United States at the time of sale or for six months prior thereto; nor the present grantee(s).

The undersigned further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of the Soldiers' and Sailors' Relief Act of 1940, as amended.

Tara Cao

Subscribed and sworn to before me this
22nd day of August, 2005

Ann M. Nuttle, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires:  10/22/2007

File Name:    Edward Bell

**AFFIDAVIT OF AUCTIONEER and
CERTIFICATE OF REDEMPTION PERIOD**

State of Michigan
County of Wayne

Marshun Brooks

_____ being first duly sworn, deposes and says that he is a Deputy Sheriff of said Wayne County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 1:00 p.m., local time, on the 24th day of August, 2005, Jefferson Avenue entrance to the Coleman, A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was Seventy-Two Thousand & 0/100 Dollars(72,000.00); made by JPMorgan Chase Bank formerly known as The Chase Manhattan Bank successor by merger to Chase Bank of Texas National Association, formerly known as Texas Commerce Bank, N.A. as Trustee for First Franklin Mortgage Loan Trust 2005-FF1 by: Saxon Mortgage Services, Inc. as its attorney-in-fact, that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the within Sheriff's Deed will become operative at the expiration of the redemption period, February 24, 2006, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of foreclosure sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording. The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

Marshun Brooks

Deputy Sheriff
Wayne County, Michigan

Subscribed and sworn to before me this Twenty-Fourth day of August, 2005.

Notary Public YOLANDA DIAZ
Wayne County, Notary Public, Wayne County Michigan
My commission expires Commission expires 08-20-2006

DRAFTED BY and when recorded return to:
**Susan C. Myers
ORLANS ASSOCIATES PC
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000**

File No: 244.1520

2

Li-43265　　　Pg-235

**ORLANS Edward Bell**

EVIDENCE OF SALE

THIS FIRM IS A DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.  PLEASE CONTACT OUR
OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE
MILITARY DUTY.
MORTGAGE SALE
Default has been made in the conditions of a mortgage made by
Edward Bell, a single man, to Mortgage Electronic Registration
Systems, Inc., mortgagee, dated September 30, 2004 and
recorded December 29, 2004 in Liber 41608, Page 898, Wayne
County Records.  Said mortgage is now held by JPMorgan
Chase Bank formerly known as The Chase Manhattan Bank
successor by merger to Chase Bank of Texas National
Association, formerly known as Texas Commerce Bank, N.A,
as Trustee for First Franklin Mortgage Loan Trust2005-FF1 by:
Saxon Mortgage Services, Inc. as its attorney-in-fact by
assignment subrogated to and recorded by the Wayne County
Register of Deeds.  There is claimed to be due on such
mortgage the sum of Ninety-Two Thousand Five Hundred
Sixty-Three and 77/100 Dollars ($92,563.77) including interest
at the rate of 7.60% per annum.
Under the power of sale contained in the mortgage and the
statutes of the State of Michigan, notice is hereby given that the
mortgage will be foreclosed by a sale of the mortgaged
premises, or some part of them, at public venue at the Jefferson
Avenue entrance to the Coleman A. Young Municipal Center in
Detroit in Wayne County, Michigan at 1:00 p.m. on August 24,
2005.
The premises are located in the City of Detroit, Wayne County,
Michigan, and are described as:
Lot 1067, East Detroit Development Company's Subdivision No.
2, as recorded in Liber 36, Page 20 of Plats, Wayne County
Records.
The redemption period shall be 6 months from the date of such
sale, unless the property is determined abandoned in
accordance with MCLA  600.3241a, in which case the
redemption period shall be 30 days from the date of the sale
TO ALL PURCHASERS: The foreclosing mortgagee can
rescind the sale in the event a 3rd party buys the property and
there is a simultaneous resolution with the borrower. In that
event, your damages, if any, are limited solely to the return of
the bid amount tendered at sale.
Dated:  July 28, 2005
ORLANS ASSOCIATES PC
Attorneys for JPMorgan Chase Bank formerly known as The
Chase Manhattan Bank successor by merger to Chase Bank of
Texas National Association, formerly known as Texas
Commerce Bank, N.A. as Trustee for First Franklin Mortgage
Loan Trust2005-FF1 by; Saxon Mortgage Services, Inc. as its
attorney-in-fact, As Assignee
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000
File No. 244.1520
(7-28)(8-23)

(Affidavit of Publisher)

STATE OF MICHIGAN
COUNTY OF WAYNE

Rosa Y. Rodgers being duly sworn, deposes and says the annexed printed
copy of a notice was taken from: Detroit Legal News, a newspaper printed and
circulated  in said State and County, and that said notice was published in
said newspaper on: July 26. August 2. August 9. August 16. August 23 A.D.,
2005, that she is the agent of the printers of said newspaper, and knows well
the facts stated herein.

_____
Rosa T. Rodgers
Subscribed and sworn before me this 23rd day of August, A.D., 2005

_____
Dawn M. Keith Notary Public Oakland County, Michigan
My commission expires December 18, 2007
Acting in Wayne County, Michigan

(Affidavit of Posting)

STATE OF MICHIGAN

COUNTY OF WAYNE

Terry Herbert _____ being duly
sworn, deposed and says that on the 27th, day of July
A.D.2005, he posted a notice, a true copy of which is annexed hereto, in a
conspicuous place upon the premises described in said notice by attaching the
same in a secure manner to the door frame _____

CIRCLE IF

Multi Unit　Mobile/Manufactured Home　Vacant　No Dwelling

Terry Herbert

Subscribed and sworn to before me this 28th day of
July A.D. 2005

_____
Notary Public Wayne County, Michigan
My Commission expires: _____
Acting in Wayne County Michigan

KEVIN MORRIS
Notary Public, Oakland County, MI
Acting in Wayne County, MI
My Commission Expires May 1, 2010

3

Li-43265      Pa-236

## AFFIDAVIT DECLARING REDEMPTION DESIGNEE

STATE OF MICHIGAN)
                              ss)
COUNTY OF OAKLAND)

Susan C. Myers, being first duly sworn, deposes and says:

1.   That she is the duly authorized attorney for JPMORGAN CHASE BANK FORMERLY KNOWN AS THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO CHASE BANK OF TEXAS NATIONAL ASSOCIATION, FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 BY: SAXON MORTGAGE SERVICES, INC. AS ITS ATTORNEY-IN-FACT and is familiar with the facts set forth herein.

2.   This affidavit is being filed to declare the redemption amount in relation to the property located in the City of Detroit, County of Wayne further described as:

Lot 1067, East Detroit Development Company's Subdivision No. 2, as recorded in Liber 36, Page 20 of Plats, Wayne County Records.

Commonly Known as: 5575 Haverhill   Tax ID #: WARD 21 ITEM NO. 070208

3.   On or about September 30, 2004 a mortgage was executed between Edward Bell, a single man and Mortgage Electronic Registration Systems, Inc. for $88,000 on September 30, 2004, recorded December 29, 2004 in Liber 41908, Page 898, Wayne County Records.

4.   Said mortgage is currently held by JPMORGAN CHASE BANK FORMERLY KNOWN AS THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO CHASE BANK OF TEXAS NATIONAL ASSOCIATION, FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 BY: SAXON MORTGAGE SERVICES, INC. AS ITS ATTORNEY-IN-FACT.

5.   Said mortgage is scheduled for foreclosure on August 24, 2005 for, $72,000.

6.   Redemption must include $72,000, plus interest at the rate of 7.8% from August 24, 2005; at a per diem amount of $15.39; plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums for Insurance Policies and Redemption Servicing Fee.  An authorized computation of the above can be received only from the designee listed below.

7.   The Redemption Servicing Fee, as allowed by Michigan Statue is $200.00, plus recording costs.  The servicing fee is payable to Orlans Associates, P.C. and will be added to the redemption amount.

TO ORDER A REDEMPTION COMPUTATION CALL:
ORLANS ASSOCIATES, P.C., REDEMPTION DEPARTMENT
P.O. Box 5041
Troy, MI 48007-5401
248-457-1000 x 291

ORLANS
P.O. Box 5041
Troy, MI 48007
(248) 457-1000
(248) 457-1001
fax

8.   JPMORGAN CHASE BANK FORMERLY KNOWN AS THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO CHASE BANK OF TEXAS NATIONAL ASSOCIATION, FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 BY: SAXON MORTGAGE SERVICES, INC. AS ITS ATTORNEY-IN-FACT hereby appoints Orlans Associates, P.C. as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Orlans Associates, P.C. is subject to the designee's audit of said computation and such redemption funds are subject to rejection.

9.   A written, official computation of the redemption amount will be prepared by Orlans Associates, P.C., within a reasonable period of time for any and all who request such a computation.

10.  Any redemption made without a written, current, computation provided by Orlans Associates, P.C. will be subject to audit and potential subsequent rejection of said funds.

u

Li-43265        Pa-237

11. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Orlans Associates, P.C. Acceptance of funds without an Orlans Associates, P.C. computation will subject that redemption to an audit and potential subsequent rejection of the redemption funds.

Further affiant sayeth not.

Susan C. Myers
Attorney for JPMORGAN CHASE BANK FORMERLY KNOWN AS THE CHASE MANHATTAN BANK, SUCCESSOR BY MERGER TO CHASE BANK OF TEXAS NATIONAL ASSOCIATION, FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 BY: SAXON MORTGAGE SERVICES, INC. AS ITS ATTORNEY-IN-FACT.
Subscribed and sworn to before me this 22nd day of August, 2005.

Ann M. Nuttle, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires: 10/22/2007

Date Dated: 08/22/05
File Number: 244.1520

Drafted By & when recorded return to:
Susan C. Myers
ORLANS ASSOCIATES PC
P.O. Box 5041
Troy, Michigan 48007
(248) 457-1000

ORLANS
P.O. Box 5041
Troy, MI 48007
(248) 457-1000
(248) 457-1001 fax

5

# EXHIBIT 2

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

EDWARD EUGENE BELL,

      **Plaintiff,**

-vs-

JP MORGAN CHASE BANK,

      **Defendant.**

06-628896-NZ    10/12/2006
JDG  PRENTIS EDWARDS
BELL EDWARD EUGENE
VS
JP MORGAN CHASE BANK

---

Edward Bell
Plaintiff, In *Pro Per*
5575 Haverhill
Detroit, MI 48224
Phone number unknown

Alternative address:
24121 Ithaca
Oak Park, MI
Phone number unknown

Timothy B. Myers (P48152)
ORLANS ASSOCIATES, P.C.
Attorney for Defendant
P.O. Box 5041
Troy, MI 48007-5041
248 457 1000

---

## AFFIDAVIT IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

STATE OF MICHIGAN     )
                          ) SS
COUNTY OF OAKLAND   )

      I, Deidra Molden, state as follows:

1.       I am employed by Orlans Associates, PC as the Manager of the Evictions

          Department.

2.      I have personal knowledge of the facts and circumstances surrounding the above captioned lawsuit, including all relevant records and documents.

3.      In my capacity as Manager of the Evictions Department I oversee the eviction of properties in the city of Detroit, such as the property at issue in this lawsuit.

4.      My Department was retained by JP Morgan Chase to handle the foreclosure of the subject property after the Plaintiff defaulted on his payment obligations.

5.      My Department completed the foreclosure and the property was sold at sheriff's sale, and when Plaintiff refused to vacate the premises JP Morgan Chase requested my Department initiate eviction/summary proceedings.

6.      My Department did initiate those proceedings, and successfully obtained a Judgment of Possession.

7.      **However, my Department did not evict Plaintiff from his property in April, 2006 as he alleges in his Complaint.**

8.      Further, I have spoken with the Court Officer whose name appears on the Notice of Eviction (that is attached to Plaintiff's Complaint), and he confirmed to me that he did not evict this property, and further that he was never even assigned to this property.

9.      Having examined all the pertinent information available to me, I am satisfied that even if Plaintiff's property was removed from the premises and a "Notice" posted in the window (as Plaintiff alleges in the Complaint), that conduct was not initiated or otherwise undertaken at the

direction of my office or my client, or by the Court Officer listed on the

Notice of Eviction.

Further, affiant saith not.

_Deidra Molden_

Name: Deidra Molden
Title: Manager, Eviction Department

Subscribed and sworn before me on this
_8th_ day of _December_ , 2006

_Sonya Haberski_
Sonya Haberski

Notary Public, _macomb_ County acting in oakland
My Commission Expires: _11-13-07_

SONYA HABERSKI
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Nov 13, 2007
ACTING IN THE COUNTY OF _oakland_

3

# Exhibit 3

# BILL OF SALE

FILE NO:        400593

SELLERS:      Anthony D. Black
                 5575 Haverhill
                 Detroit, Michigan 48224

PURCHASER:   Edward Bell
                 24121 Ithaca
                 Oak Park, Michigan 48237

CLOSING DATE:  September 30, 2004

The Seller has sold to the Purchaser certain real estate more commonly known as:

5575 Haverhill, Detroit, Michigan 48224

For the sum of One Dollar ($1.00) and other good and valuable consideration paid to Seller by Purchaser, Seller has bargained and sold, and by these presents does grant and convey unto Purchaser, all of the following goods and chattels which are owned by and in the possession of Seller at the subject property. All items on the preprinted purchase agreement and the following:

Seller agrees to Warrant and Defend the sale of said goods and chattels against any and all person or persons whomsoever.

Seller acknowledges that the consideration for the sale of said goods and chattels was actual and adequate and that said sale was in good faith for the purposes herein set forth and not for the purpose of security or for defrauding creditors.

WITNESSES:

_____

Anthony D. Black

_____

_____

# EXHIBIT 4

256335 1 APR 19 2005

LI-42517        Pg-384
203166133    4/19/2005
Bernard J. Youngblood
Wayne Co. Register of Deeds

03531204  ~~FEB 24 2005~~



**STATE OF MICHIGAN**
WAYNE COUNTY
APRIL 14, 2005
RECEIPT #48196

**REAL ESTATE TRANSFER TAX**
$   121.00-CO
$   825.00-ST
STAMP #106518768

## WARRANTY DEED

*KNOW ALL MEN BY THESE PRESENTS:* That Anthony D. Black, a single man, whose address is, 5575 Haverhill, Detroit, MI 48224, Convey(s) and Warrant(s) to Edward Bell, a single man, whose address is 5575 Haverhill, Detroit, MI 48224 the following described premises:

Land in the City of Detroit, County of Wayne, State of Michigan, described as:

Lot 1067, East Detroit Development Company's Subdivision No. 2, as recorded in Liber 36, Page 20 of Plats, Wayne County Records.

5575 Haverhill

Tax Parcel No.    Ward 21 Item 070208

For the sum of One Hundred Ten Thousand dollars and Zero cents ($110,000.00), subject to the existing building and use restrictions, easements, and zoning ordinances of record, if any.

Dated September 30, 2004.

Signed in the presence of                                  Signed

_____                    _____
                                                           Anthony D. Black

_____                    _____

State of Michigan        )
                         ) SS
County of Wayne          )

_____

On this, before me personally appeared Anthony D. Black, a single man, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free act and deed.

N.K. TAYLOR
NOTARY PUBLIC WAYNE CO., MI
MY COMMISSION EXPIRES Aug 4, 2008
acting n Wayne

Notary Public _____
County, Michigan
My Commission Expires: 8/4/08

DIANE M. ROWE

Drafted by: City Title Agency, Inc., 18020 Mack Ave., Grosse Pointe, MI 48230

When recorded return to City Title Agency, Inc., 18020 Mack Ave., Grosse Pointe, MI 48230

Recording Fee   27.00        State Transfer Tax  825.00        County Transfer Tax   121.00

County Treasurer's Certificate                          City Treasurer's Certificate

This is to certify that there are no tax liens or titles on this property and that taxes are paid for FIVE YEARS previous to date of this instrument EXCEPT
No. 2904  C  147  Date 7/6/05
WAYNE COUNTY TREASURER  Clerk

This is to certify that there are no tax liens or titles on this property and that taxes are paid for FIVE YEARS previous to date of this instrument
JAN 13 2005
No. 524  Clerk
Treasurer, City of Detroit

CITY TITLE AGENCY, INC.
18020 MACK AVENUE
GROSSE POINTE, MI 48230

WD/Pgsa        946.00

# Exhibit 5

Original - Court    1st copy - Defendant    2nd copy - Defendant    3rd copy - Plaintiff

| **STATE OF MICHIGAN**<br>**36th**<br>**JUDICIAL DISTRICT** | **JUDGMENT**<br>**LANDLORD - TENANT** | **CASE NO.**<br>06 306 862 LT |
|---|---|---|

Court address
421 Madison Ave., Detroit, MI 48226

Court telephone no.
313-965-3177

Plaintiff
JPMORGAN CHASE BANK FORMERLY KNOWN AS THE
CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO
CHASE BANK OF TEXAS NATIONAL ASSOCIATION,
FORMERLY KNOWN AS TEXAS COMMERCE BANK, N.A. AS
TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST
2005-FF1 BY: SAXON MORTGAGE SERVICES, INC. AS ITS
ATTORNEY-IN-FACT c/o Plaintiff's Attorney

**V**

Defendant(s)
Edward Bell
And all other occupants

Susan C. Myers   P49740
Orlans Associates, PC
2501 Rochester Court
Troy, MI 48083
248-457-1000

**THE COURT FINDS:**

by   ✓ hearing   ____ default   ____ consent**

*For a defendant on active military duty, default judgment
shall not be entered except as provided by the
Service Members Civil Relief Act.

Plaintiff/Attorney            ___ Personal Service

**POSSESSION JUDGMENT**

__X__  1. The plaintiff has a right to possession.

Edward Bell
And all other occupants
5575 Haverhill
Detroit, MI 48224

____  2. There is now due to plaintiff:

a. Rent to retain possession $_____

b. Costs                        $_____

c. Total                        $_____

____  3. The defendant has a right to possession.

Defendant/Attorney            ___ Personal Service

**TO THE DEFENDANT**

4. ____  a. An order evicting you (writ of restitution) will be issued unless you pay the plaintiff or the court the amount due
in item 2.c. above or unless you move out on or before _____
Date

**OR**

__X__  b. An order evicting you (writ of restitution) will be issued on or after __3-28-06__ unless you move.
Date

__X__  5. You may be liable for money damages after you move if additional rent is owed or if there is damage to the property.

____  6. Acceptance of partial payment of the total amount due in item 2.c. above ____will ____will not prevent a writ of
restitution from being issued.

__X__  7. No money judgment is entered at this time.

**MONEY JUDGMENT**

____  8. A possession judgment was previously entered.

____  9. A money judgment is entered as follows:     a. Damages   $_____
b. Costs     $_____
This judgment will earn interest at statutory rates.     c. Total     $_____

10. **FURTHER ORDERS:**

11. **YOU ARE ADVISED** that you may file a motion for a new trial, a motion to set aside a default judgment, or file an
appeal and appeal bond. This must comply with all court rules and must be filed in court by __3/27/06__
You may want legal help.                                    Date

____  12. MCR 4.201(I) was explained to all parties.
__3/16/06__                                    (P4736)
Date                          Judge            RANDON            Bar no.

**CERTIFICATE OF MAILING:** I certify that on this date a copy of the
above judgment was mailed to the plaintiff and defendant at their last
known addresses, by ordinary mail, unless otherwise indicated.

**Approved:**
__3/16/06__
Date                          Plaintiff/Attorney

__3-16-06__   Brenda Davis
Date          Deputy clerk

Date                          Defendant/Attorney   X44.152C

DC 105 (3/00)  **JUDGMENT, LANDLORD-TENANT**                MCR 4.201(K)(1)(d)

# EXHIBIT 6

To JP MORGAN CHASE BANK
2501 Rochester Court
Troy, Mi 48083
Date February 1st, 2006

## UNILATERAL CONTRACT

To whom it may concern:

This letter is a offer of an unilateral contract of a rental agreement, if JP MORGAN CHASE BANK or anyone acting on behalf of JP MORGAN CHASE BANK take possession of my property located at 5575 Haverhill St. in the City of Detroit, State of Michigan Lot 1067, East Detroit Development Company's Subdivision No.2 as recorded in Liber 36, Page 20 of Plats, Wayne County Records, most commonly known as 5575 Haverhill Detroit, Mi 48224 agree to a one year rental agreement of $15,000 a month for one year which is due upon possession. If the procedure is done by force or unlawful JP MORGANCHASE BANK agrees to pay the amount of $50,000 a month for one year . Money due upon possession if lawful possession  the sum of $180,000.00 if unlawful $600,000.00. The notary seal and signature is a surety as a witness and a  proof of service that she will send a copy of this unilateral contract sent first class mail to  JP MORGAN CHASE BANK authorize representative address above and she will in fact keep a copy for her self as proof and her records  .


_Edward Bell_
Edward Bell


_Notary_
Notary

**YVONNE CROSS**
**Notary Public, Wayne County, MI**
**My Commission Expires Dec. 4, 2007**